**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAMILAH JOLLY, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> FURTHERED, INC. d/b/a LAWLINE, <br><br> Defendant. | Case No. 1:24-cv-06401-LJL |
| DIEGO ALVAREZ-MIRANDA EZPELETA, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> FURTHERED, INC. d/b/a LAWLINE, <br><br> Defendant. | Case No. 1:24-cv-06709-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**

1

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**BACKGROUND** .............................................................................................................................. 2

**DISCUSSION** .................................................................................................................................. 3

    I.   *Jolly* and *Ezpeleta* should be consolidated pursuant to rule 42(a). ...................................... 3

    II.   Matthew J. Langley of Almeida Law Group LLC and Arun Ravindran of Hedin LLP Should be Appointed Interim Co-Lead Counsel Pursuant to Rule 23(g). .................................. 5

        a.   Proposed Co-Lead Counsel has Thoroughly Identified and Investigated the Claims in This Litigation. ............................................................................................................. 5

        b.   Proven Track Record and Substantial Knowledge of the Applicable Law. ...................... 7

        c.   Resources that Proposed Co-Lead Counsel Have and Will Commit to Effectively Prosecute Plaintiffs' Claims. ............................................................................................ 14

        d.   Additional Factors Favor Appointing Proposed Co-Lead Counsel. .............................. 15

**CONCLUSION** ............................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Midwest Express Care*, 1:24-cv-05348 (N.D. Ill.) ................................................................ 9

*B.K. et al v. Eisenhower Medical Center et al.*, 5:23-cv-02092-JGB-DTB (C.D. Cal.) .............................. 10

*B.W. et al v. San Diego Fertility Center Medical Group, Inc. et al.*, 3:24-cv-00237-LL-BLM (S.D. Cal.) 10

*Baker v. University of Vermont Health Inc. et al.*, 2:24-cv-00673 (D. Vt.) ............................................... 10

*Begay v. NextCare Holdings LLC*, 2:24-cv-01685-DJH (D. Ariz.) ................................................... 9

*Buraga v. CDK Global, LLC*, 1:24-cv-05273 (N.D. Ill.) ................................................................ 10

*Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) ......................................................... 12

*City of Providence, R.I. v. AbbVie Inc.*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020) .................... 15

*Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) ........................ 12

*Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) ....................................... 12

*Edwards v. MUBI*, Case No. 5:24-cv-00638 (N.D. Cal.) ................................................................. 9

*Groover v. Prisoner Transp. Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) ............... 14

*Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) ......................................... 13

*Huguelet v. Maxim Inc.*, No. 19-cv-4452-ALC (S.D.N.Y.) ............................................................ 12

*In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 1834351, at *1 (S.D.N.Y. June 18, 2009) ........ 4

*John v. Delta Defense LLC, et al.*, 2:23-cv-01253 (E.D. Wisc.) ....................................................... 9

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284- 85 (2d Cir. 1990) ............................................... 3

*Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302-BAF (E.D. Mich.) .................................... 11

*Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) ................................. 4

*Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020) ............ 13

*Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) ................................ 13

*Nick Gaige v. Exer Holding Company*, LLC, 2:24-cv-06099-SPG-AJR (N.D. Cal.) ................................ 10

*Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) ............................................... 13

*Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) ....................... 11

*Pearlman v. Cablevision Sys. Corp.*, 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011) ............................. 5

*Reedy et al v. Everlywell, Inc.*, 1:24-cv-02713 (N.D. Ill.) ............................................................... 9

*Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) ...................... 11

*Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017) .................................................... 13

*Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.)
 ............................................................................................................................................. 11

*Sheet Metal Contr. Ass'n of N. N.J. v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997)
 ............................................................................................................................................. 4

*Stegmeyer et al v. ABM Industries Incorporated et al.*, 1:24-cv-00394 (N.D. Ill.) .................................. 10

**Statutes**

18 U.S.C. § 2511(1) ............................................................................................................... 9
18 U.S.C. § 2710 ................................................................................................................... 1
Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................................................... 9
Cal. Civ. Code § 1750, *et seq.* ................................................................................................ 9
Cal. Civ. Code § 56, *et seq.* .................................................................................................... 9
Cal. Penal Code § 630, *et. seq.* ............................................................................................... 9

**Rules**

Fed. R. Civ. P. 13 ................................................................................................................... 4
Fed. R. Civ. P. 23(g) .................................................................................................... 4, 7, 8, 9
Fed. R. Civ. P. 42(a) ............................................................................................................... 6

**Treatises**

M<small>ANUAL FOR</small> C<small>OMPLEX</small> L<small>ITIGATION</small> §10.22 (4th ed. 2004) ........................................................ 15
M<small>ANUAL FOR</small> C<small>OMPLEX</small> L<small>ITIGATION</small> §21.11 (4th ed. 2004) .......................................................... 5
M<small>OORE'S</small> F<small>EDERAL</small> P<small>RACTICE</small> §23.120(3)(a) (3d. Ed. 2007) ...................................................... 6

Pursuant to Federal Rules of Civil Procedure 42(a) and 23(g)(3), Kamilah Jolly, plaintiff in the action *Jolly v. Furthered, Inc. d/b/a Lawline*, 24-cv-640 ("*Jolly*"), along with Diego Alvarez-Miranda Ezpeleta, plaintiff in the related action *Ezpeleta v. Furthered, Inc. d/b/a Lawline*, 24-cv-0679-LJL, ("*Ezpeleta*") (the *Jolly* and *Ezpeleta* actions are collectively referred to herein as the "VPPA Actions"), respectfully move for an order consolidating the VPPA Actions and appointing Matthew J. Langley of Almeida Law Group LLC and Arun Ravindran of Hedin LLP (collectively, "Proposed Co-Lead Counsel"), as interim Class counsel.[1] In support of their motion, Plaintiffs respectfully submit the following Memorandum.

## INTRODUCTION

The VPPA Actions are both putative class actions brought on behalf of similar classes in the Southern District of New York. Each action alleges a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, against the same defendant, Furthered, Inc. d/b/a Lawline ("Lawline" or "Defendant"), based on the same underlying conduct (namely, Lawline allegedly disclosing subscription and private viewing information of its consumers to Meta Platforms, Inc., ("Meta").[2] Given the factual and legal overlap between the claims alleged and the classes proposed in the VPPA Actions, the Court has already related the *Ezpeleta* action to the first-filed *Jolly* action pursuant to Rule 13 of the Southern District's Rules for Division of

---

[1] Plaintiffs Jolly and Ezpeleta are collectively referred to herein as "Plaintiffs."
[2] Presently the classes in each of the actions vary slightly. *See Jolly* Compl., ¶81 (defined as "All persons in the United States who: (i) were registered users of an online website, mobile application and/or any video-on-demand service or application owned, controlled, and/or operated by Lawline and (ii) who viewed videos on an online website, mobile application, or any video-on-demand service or application owned, controlled, and/or operated by Lawline."); *Ezpeleta* Compl., ¶58 (defined as "all persons in the United States who, during the two years preceding the filing of this action, requested or obtained a subscription to Defendant's website or video content from Defendant's website as a subscriber of Defendant's website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc."). However, Proposed Co-Lead Counsel plan to harmonize the proposed class definition in a forthcoming First Amended Complaint.

1

Business Among District Judges. (*See Ezpeleta*, Sept. 6, 2024 docket entry). As such, the VPPA Actions present common factual and legal questions, involving the same and/or similar discovery efforts, and consolidation is appropriate.

For the benefit of Plaintiffs and the proposed class, this class action lawsuit should be led by Court-appointed Proposed Co-Lead Counsel. The proposed firms and attorneys are ideally qualified to represent and protect the interests of the proposed classes under each of the factors enumerated in Rule 23(g); they have significant experience successfully prosecuting complex consumer class actions and data privacy cases across the country, are nationally recognized by their peers as leaders in the plaintiffs' class action bar, have invested considerable time and resources investigating and pursuing these claims. As detailed extensively herein, Mr. Langley and Mr. Ravindran are uniquely and ideally positioned to represent Plaintiffs' and the putative class members' interests in this case and should be appointed Proposed Co-Lead Counsel. Considering their combined substantial track record, Proposed Co-Lead Counsel respectfully submit that appointing them to manage this litigation would best serve the interests of the Proposed Classes.

Proposed Co-Lead Counsel conferred with Defendant's counsel regarding their position. They do not oppose consolidation and the appointment of Proposed Co-Lead Counsel as interim Class Counsel.

## BACKGROUND

Plaintiff Jolly initiated her action on August 23, 2024. *Jolly*, ECF No. 1. Plaintiff *Ezpeleta* initiated his action on September 4, 2024. *Ezpeleta*, ECF No. 1. Both cases seek damages resulting from Defendant's disclosure of its consumers' subscription and personal viewing information, without their consent, in violation of the VPPA. Both cases seek to represent the

same proposed Class and both cases allege the same underlying misconduct, namely Defendant's use of the Meta Pixel, a snippet of programming code embedded on Defendant's website, to send its customers' subscription purchases and private viewing information to Meta. On September 6, 2024, the Court recognized the similarities between the VPPA Actions and related the matters. (*See Ezpeleta*, September 6, 2024 docket entry).

## DISCUSSION

Consolidating the VPPA Actions pursuant to Federal Rule of Civil Procedure 42(a) and appointing Proposed Co-Lead Counsel to represent the putative Class pursuant to Federal Rule of Civil Procedure 23(g) will help protect the interests of the proposed Class, serve the interests of judicial economy, and fulfill Rule 1's objective of ensuring "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Specifically, consolidation and interim appointment of interim class counsel will reduce or eliminate the inefficiencies and burdens that would result from the prosecution and defense of multiple overlapping actions by separate counsel, avoid conflicting decisions issued in separate cases, prevent unnecessary expenditures of resources by the parties and the Court, and protect the interests of the putative Class by enabling counsel to work on its members' behalf in a coordinated, streamlined manner.

As explained in detail below, judicial economy and fairness will be best served by the consolidation of the VPPA Actions and the appointment of Matthew J. Langley of Almeida Law Group LLC, and Arun Ravindran of Hedin LLP as co-lead interim class counsel entrusted to prosecute the litigation for the putative Class in the consolidated VPPA Actions.

   **I.**   ***Jolly* and *Ezpeleta* Should be Consolidated Pursuant to Rule 42(a).**

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts enjoy "broad discretion

3

to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284- 85 (2d Cir. 1990). "The chief advantage of consolidation is that it avoids duplicative discovery and multiple trials and the potential for inconsistent verdicts." *In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 1834351, at *1 (S.D.N.Y. June 18, 2009) (internal citations omitted). "In deciding whether consolidation is proper, 'the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation.'" *Id.*, at *2 (quoting *Sheet Metal Contr. Ass'n of N. N.J. v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997)).

Here, the *Jolly* and *Ezpeleta* actions are legally and factually identical. Both have already been properly deemed "related" to one another, and both allege the same claim on behalf of the same class, for violation of the same federal statute. Given the complete overlap between these related cases, undersigned counsel for Plaintiffs have agreed to cooperatively prosecute the claims under the VPPA on a coordinated basis to help streamline the litigation and reduce any inefficiencies or burdens to the Court or the parties that might otherwise arise. Under the circumstances, the "anticipated benefits of consolidated actions, such as considerations of judicial economy and unnecessary costs to the parties, outweigh potential prejudice to the parties." *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) (articulating circumstances where consolidation is most warranted).

Accordingly, consolidating the VPPA Actions serves the interests of judicial economy and efficiency, avoids unnecessary duplication of efforts between counsel, and does not prejudice any party. Defendant will suffer no prejudice by litigating one consolidated action rather than multiple separate suits. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

## II. Matthew J. Langley of Almeida Law Group LLC and Arun Ravindran of Hedin LLP Should be Appointed Interim Co-Lead Counsel Pursuant to Rule 23(g).

Federal Rule of Civil Procedure 23(g)(3) provides, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designation of interim class counsel protects class members because it "clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity." *Pearlman v. Cablevision Sys. Corp.*, 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011) (citing MANUAL FOR COMPLEX LITIGATION §21.11 (4th ed. 2004))). Federal Rule of Civil Procedure 23(g)(1)(A) provides the criteria a court considers in deciding whether to appoint interim class counsel:

(a) the work counsel has done in identifying or investigating potential claims in the action;

(b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(c) counsel's knowledge of the applicable law; and

(d) the resources that counsel will commit to representing the class.

*Pearlman*, 2011 WL 477815, at *2. The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Each of these four factors weighs in favor of appointing Proposed Co-Lead Counsel to represent the proposed Class on an interim basis.

### a. Proposed Co-Lead Counsel Has Thoroughly Identified and Investigated the Claims in This Litigation.

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

5

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE §23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Co-Lead Counsel's extensive and time-consuming work identifying and investigating the claims alleged in the VPPA Actions, as well as more generally the underlying theory of liability against Defendant for violating the VPPA, demonstrates that they will continue to fairly and adequately represent the proposed Class. Specifically, both the Almeida Law Group LLC and Hedin LLP (i) investigated potential legal claims under the VPPA; (ii) researched numerous online trackers created by different technology companies, including learning how they operate, how to find them in website source code, and how to identify what information is being tracked and transmitted; (iii) investigated Defendant's website and its use of tracking technology, including parsing through Defendant's website's source code; (iv) researched whether Defendant's use of tracking pixels violated the VPPA; (v) investigated the viability of various individuals' claims by interviewing numerous potential clients, completing intakes, and speaking with potential plaintiffs at length regarding their experiences with Defendant's website and the information they provided on the website; (vi) investigated the adequacy of the named Plaintiffs to represent the putative class; and (vii) prepared the Complaint in their respective actions on behalf of the proposed class. *See* Declaration of Arun Ravindran in Support of Motion to Appoint Interim Class Counsel ("Ravindran Decl."), ¶11; *see also* Declaration of Matthew J. Langley in Support of Motion to Consolidate and Appoint Interim Class Counsel ("Langley Decl."), ¶¶ 8-9. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the courts should consider in appointing interim class counsel.

The Advisory Committee Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Rule 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Advisory Committee Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery ***must*** occur (and related motion practice will likely be necessary) prior to class certification and trial—including before any meaningful settlement discussions can occur. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Discovery in this matter will be complex, nuanced, and require substantial specialized knowledge and experience to perform effectively and efficiently. Proposed Co-Lead Counsel's thorough investigation into the claims, as well as their experience prosecuting prior similar matters (discussed further below), will enable them to effectively build and prosecute this case on behalf of the Class, including in discovery and related motion practice.

      b.  **Proven Track Record and Substantial Knowledge of the Applicable Law.**

Mr. Langley and Mr. Ravindran, with their respective law firms, collectively have decades of experience successfully prosecuting complex class actions, in particular, complex actions under similar data privacy laws. The firms of Almeida Law Group LLC and Hedin LLP have been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts. The firms' resumes, attached as Exhibit A to the Langley and Ravindran declarations respectively, describe some of the firms' successes.

The team of attorneys assigned to this litigation will be led by Mr. Langley and Mr. Ravindran, with the support of senior members of each firm's data privacy practice groups.

7

*Matthew J. Langley*: Mr. Langley is a Partner of the Almeida Law Group LLC ("ALG"), headquartered in Chicago, Illinois. *See* Langley Decl. ¶1. Before joining ALG, he was a Partner at Benesch, Freidlander, Coplan and Arnoff LLP where he litigated as part of the Class Action Practice Group and, among other matters, represented plaintiffs in a two-billion-dollar defamation suit involving election fraud claims. *See* Langley Decl. ¶1. Mr. Langley is a 2008 graduate of Columbia Law School and began his career litigating at Kirkland & Ellis LLP in New York and K&L Gates in Miami before becoming an Assistant United States Attorney, for the Southern District of Florida. *See* Langley Decl. ¶1. As an AUSA, Mr. Langley worked in both the Major Crimes and the Economic Crimes Divisions, prosecuting crimes involving health care fraud, tax fraud, money laundering, identity theft, bank fraud, child pornography, and drug trafficking. *See* Langley Decl. ¶1. During that time, he first-chaired ten jury trials, securing guilty verdicts in all ten cases and successfully argued appeals in front of the Eleventh Circuit Court of Appeals. *See* Langley Decl. ¶1. Mr. Langley is admitted to the New York, Illinois, Florida, and California bars as well as admitted to practice in numerous federal courts including the United States District for the Northern District of Illinois, the Central and Northern Districts of California, the Southern and Middle Districts of Florida, as well as the Seventh and Eleventh Circuit Courts of Appeal. *See* Langley Decl. ¶1.

Based in Chicago, with attorneys in California and New York, the Almeida Law Group LLC is a class action litigation boutique committed to advocating for individuals, families and small businesses who have suffered because of corporate malfeasance. *See* Langley Decl. ¶3. ALG represents clients in consumer protection, false labeling, unfair and deceptive practices cases as well as data privacy, technology and security matters including, but not limited to, data

breaches, pixel tracking and claims under various consumer protection and privacy-related statutes. *See* Langley Decl. ¶3.

Mr. Langley has been involved in dozens of class action lawsuits throughout the country, representing clients in a wide-range of claims, including data breach and privacy violations, state consumer fraud and deceptive business practices, false advertising and false labeling, the Telephone Consumer Protection Act, the Fair Credit Reporting Act, the Illinois Biometric Information and Privacy Act ("BIPA"), the Video Privacy Protection Act ("VPPA"), the Electronics Communication Privacy Act, 18 U.S.C. § 2511(1) ("ECPA"), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.* ("CMIA"), the California Invasion of Privacy Act, Cal. Penal Code § 630, *et. seq.* ("CIPA"), the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). *See* Langley Decl. ¶5.

In addition, Mr. Langley and ALG have investigated and brought a number of class action cases under the VPPA, including, *Edwards v. MUBI*, Case No. 5:24-cv-00638 (N.D. Cal.) and *John v. Delta Defense LLC, et al.*, 2:23-cv-01253 (E.D. Wisc.). *See* Langley Decl. ¶6.

Mr. Langley is also involved in a number of class actions brought in federal courts across the country involving data privacy where he serves as lead or co-counsel, including:

- *Reedy et al v. Everylywell, Inc.*, 1:24-cv-02713 (N.D. Ill.) (involving tracking technology);

- *Allen v. Midwest Express Care*, 1:24-cv-05348 (N.D. Ill.) (involving tracking technology);

- *Begay v. NextCare Holdings LLC*, 2:24-cv-01685-DJH (D. Ariz.) (involving tracking technology);

9

- *Stegmeyer et al v. ABM Industries Incorporated et al.*, 1:24-cv-00394 (N.D. Ill.) (disclosure of information in violation of the Driver Privacy Protection Act ("DPPA"));

- *B.K. et al v. Eisenhower Medical Center et al.*, 5:23-cv-02092-JGB-DTB (C.D. Cal.) (involving tracking technology);

- *Buraga v. CDK Global, LLC*, 1:24-cv-05273 (N.D. Ill.) (Data Breach Case);

- *Nick Gaige v. Exer Holding Company*, LLC, 2:24-cv-06099-SPG-AJR (N.D. Cal.) (involving tracking technology);

- *Baker v. University of Vermont Health Inc. et al.*, 2:24-cv-00673 (D. Vt.) (involving tracking technology);

- *B.W. et al v. San Diego Fertility Center Medical Group, Inc. et al.*, 3:24-cv-00237-LL-BLM (S.D. Cal.) (involving tracking technology). *See* Langley Decl. ¶7.[3]

**Arun Ravindran**: Mr. Ravindran joined the law firm Hall, LLP (now Hedin LLP) in January 2021, and his practice (and the firm's) focuses exclusively on consumer, data privacy, and securities class actions in state and federal courts around the country. Mr. Ravindran received his Bachelor of Arts from Emory University in 2002 and his Juris Doctor from Emory University School of Law in 2007. From 2007 through 2009, he practiced federal criminal defense in New York City as an Associate with the Law Office of Jesse M. Siegel. From 2009 through 2013, he served as a Judge Advocate in the United States Marine Corps serving as a defense counsel (trying 6 courts-martial to verdict) and legal assistance attorney. From 2013 through 2014, he served as law clerk to the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. During his clerkship with Judge Seitz, he managed one-third of the Court's civil docket and drafted numerous orders and opinions at all stages of litigation in a wide range of

---

[3] Additional information regarding Matthew Langley and his firm is set forth in the Almeida Law Group Firm Resume, attached as Exhibit A to the Langley declaration.

class action matters. Following his clerkship, he served as an Assistant Federal Public Defender ("AFPD") in the Southern District of Florida for approximately five years. He appeared as counsel of record in more than 300 federal criminal cases and tried sixteen federal criminal trials to verdict. Following his service as an AFPD, he worked at Berger Singerman, LLP, a full-service law firm with offices throughout Florida, as a Dispute Resolution Team Associate from September 2019 through January 2021. *See* Ravindran Decl., ¶ 2. He is a member in good standing of the Florida Bar and the New York Bar and the United States District Courts for the Southern District of Florida and Southern District of New York; and the United States Courts of Appeals for the Eleventh Circuit. *See* Ravindran Decl., ¶ 1.

Based in Miami, Florida with offices in San Francisco and Washington D.C., Hedin LLP focuses on consumer and data privacy class actions and has successfully prosecuted dozens of such matters in state and federal courts as court-appointed class counsel. *See e.g., Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $52.5 million all-cash non-reversionary settlement for class); *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302-BAF (E.D. Mich.) (class counsel in action alleging sale of *Playboy* subscribers' personal information in violation of the Michigan PPPA, obtained $3.8 million non-reversionary class settlement); *Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action alleging violations of Illinois's Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), successfully defeated defendant's motion to compel arbitration and

obtained $16 million non-reversionary class settlement); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) (counsel for consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA")); *Huguelet v. Maxim Inc.*, No. 19-cv-4452-ALC (S.D.N.Y.) (class counsel, resolved case favorably for consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's PPPA); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (class counsel, $10 million data-privacy action settlement)). Over the past five years alone, the firm has recovered over $400 million in all-cash relief for the classes it has represented.[4]

The firm also regularly serves as lead plaintiffs' counsel in class actions that implicate novel questions of first impression concerning the rights of consumers under relatively unknown state statutes, as well as the constitutional issues (standing and otherwise) that often arise during the prosecution of such matters in federal court. *See* Ravindran Decl., ¶6. For example, in data-privacy class actions concerning publishers' disclosure of subscriber information—substantially the same conduct at issue in this case—the firm obtained groundbreaking decisions on two important issues under Michigan's Preservation of Personal Privacy Act ("PPPA"), Mich. Comp. Laws § 445.771 *et. seq*. that dramatically expanded the scope of the statute and led to the recovery of meaningful relief for consumers throughout Michigan. *See id.* (citing *Horton v. GameStop*

---

[4] Additional information regarding Mr. Ravindran and Hedin LLP is set forth in the Hedin LLP Firm Resume, attached as Exhibit A to the Ravindran declaration.

12

*Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) (holding, despite prior district court decision to the contrary on the same issue, that the version of the PPPA in effect prior to its July 2016 amendment applied to claims filed after the amendment's effective date); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020) (holding that Michigan-based publishers may be held liable for disclosing the data of all of their subscribers, even those outside Michigan)).

The firm also obtained multiple significant victories for consumers on issues of first impression in litigation against Google and Shutterfly under an Illinois statute, the Biometric Information Privacy Act ("BIPA"), opening doors for consumers throughout the state to recover relief under the statute. *See* Ravindran Decl., ¶7 (citing *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) (holding that scans of face geometry collected from photographs constitute "biometric identifiers" within the meaning of BIPA); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017) (holding that neither the presumption against extraterritoriality nor the dormant commerce clause bars BIPA's application to the collection of Illinoisans' biometrics from devices within Illinois); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (holding that the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is a concrete and particularized injury sufficient to confer Article III standing)).

Hedin LLP is well-suited to continue representing the affected Class members in the VPPA Actions given the significant amount of work the firm has performed preparing these cases, as well as prosecuting the other consumer data-privacy matters outlined above.

In short, both firms have significant knowledge and experience with the subject matter, along with a long track record of successfully representing clients with data privacy claims. And

Mr. Langley and Mr. Ravindran are proven leaders who know how to obtain significant results for the class. Their respective experience compliments each other and will serve class members well.

### c. Resources that Proposed Co-Lead Counsel Have and Will Commit to Effectively Prosecute Plaintiffs' Claims

Proposed Co-Lead Counsel each have well-established and successful practices and have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions, including in this District. As a result, the firms can fully utilize their resources and knowledge of local practice. Proposed Co-Lead Counsel have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed Class. The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will allow them to streamline and effectively prosecute the litigation and thus, be of great value to the putative Class.

The firms of Almeida Law Group LLC and Hedin LLP collectively draw from a team of highly experienced attorneys dedicated to representing plaintiffs in complex class action litigation, as well as a full team of non-lawyer professionals and support staff. As such, courts and mediators have lauded the resources and commitment of Proposed Co-Lead Counsel in representing clients in class action cases. For instance, United States District Judge, Beth Bloom, of the Southern District of Florida, has recognized the "excellent and thorough representation" provided by Hedin LLP, including in "exceptionally time-consuming" cases. *Groover v. Prisoner Transp. Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019).

14

The same is true with respect to this action. If appointed to represent the Class, Proposed Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations.

### d. Additional Factors Favor Appointing Proposed Co-Lead Counsel.

Several additional factors support appointment of Mr. Langley and Mr. Ravindran as Interim Co-Lead Counsel. ***First***, this motion would give members of the proposed Class the benefit of sophisticated and experienced counsel who, as discussed above, have a track record of achieving landmark results in data privacy class actions. ***Second***, the decision among sophisticated counsel to submit a joint application for appointment strongly supports granting this motion. The MANUAL FOR COMPLEX LITIGATION §10.22 (4th ed. 2004) advises that, efforts by "attorneys [to] coordinate their activities without the court's assistance . . . should be encouraged." ***Third***, through their decades of combined experience prosecuting complex class actions the firms of Almeida Law Group LLC and Hedin LLP have developed significant relationships with industry experts, regulatory personnel, and settlement administration experts.

***Finally***, the bench and bar have recognized the importance of considering diversity as a relevant factor in selecting interim class counsel. *See, e.g.*, *City of Providence, R.I. v. AbbVie Inc.*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020). Almost half of the attorneys at ALG are female and fully half of the firm is comprised of women. Additionally, most of the attorneys at Hedin LLP are members of underrepresented groups, which reflects the firm's deep commitment to ensuring that a diverse group of attorneys work on behalf of each of its clients. *See* Ravindran Decl., ¶14. Mr. Langley, Mr. Ravindran, and their firms are committed to employing a diverse group of attorneys to work on this action to represent the diverse interests of all Class members.

15

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the VPPA Actions and appoint Matthew J. Langley and Arun Ravindran as interim co-lead counsel to steer the VPPA Actions on a prudent course on behalf of the putative Class.

Dated: October 15, 2024            Respectfully submitted,

<u>s/: Matthew J. Langley</u>

Matthew J. Langley
New York Bar No. 4831749
David S. Almeida
New York Bar No. 3056520
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue Chicago, Illinois 60614
Tel: (312) 576-3024
E: david@almeidalawgroup.com
E: matt@almeidalawgroup.com

<u>/s/ Arun Ravindran</u>

ARUN RAVINDRAN
JULIE E. HOLT**
ELLIOT O. JACKSON
**HEDIN LLP**
1395 BRICKELL AVE., SUITE 610
MIAMI, FLORIDA 33131-3302
TELEPHONE:    (305) 357-2107
FACSIMILE:     (305) 200-8801
ARAVINDRAN@HEDINLLP.COM
JHOLT@HEDINLLP.COM
EJACKSON@HEDINLLP.COM

** Application for Admission Pending

*Proposed Co-Lead Class Counsel for Plaintiffs & the Putative Class*

16