UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMILAH JOLLY, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>FURTHERED, INC. d/b/a LAWLINE,<br><br>  Defendant. | Case No. 1:24-cv-06401-LJL |
| DIEGO ALVAREZ-MIRANDA EZPELETA, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br>v.<br><br>FURTHERED, INC. d/b/a LAWLINE,<br><br>  Defendant. | Case No. 1:24-cv-06709-LJL |

**DECLARATION OF ARUN RAVINDRAN IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**

I, Arun Ravindran, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 and based on my own personal knowledge, that the following statements are true:

1. I am a member in good standing of the Florida Bar and the New York Bar and the United States District Courts for the Southern District of Florida and Southern District of New York; and the United States Courts of Appeals for the Eleventh Circuit.

2. I received my Bachelor of Arts from Emory University in 2002 and my Juris Doctor from Emory University School of Law in 2007. From 2007 through 2009 I practiced federal criminal defense in New York City as an Associate with the Law Office of Jesse M. Siegel. From 2009 through 2013 I served as a Judge Advocate in the United States Marine Corps

serving as a defense counsel (trying 6 courts-martial to verdict) and legal assistance attorney. From 2013 through 2014, I served as law clerk to the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. During my clerkship with Judge Seitz, I managed one-third of the Court's civil docket and drafted numerous orders and opinions at all stages of litigation in a wide range of class action matters. Following my clerkship, I served as an Assistant Federal Public Defender ("AFPD") in the Southern District of Florida for approximately five years. I appeared as counsel of record in more than 300 federal criminal cases and tried sixteen federal criminal trials to verdict. Following my service as an AFPD I worked at Berger Singerman, LLP, a full-service law firm with offices throughout Florida, as a Dispute Resolution Team Associate from September 2019 through January 2021.

3.     I joined the law firm Hedin Hall, LLP (now Hedin LLP) in January 2021 and my practice (and the Firm's) focuses exclusively on consumer, data privacy, and securities class actions in state and federal courts around the country.

4.     Attached hereto as **Exhibit A** is a true and correct copy of the Firm Resume of Hedin LLP.

5.     Based in Miami, Florida, with offices in San Francisco, California, and Washington D.C., Hedin LLP focuses on consumer and data privacy class actions and has successfully prosecuted dozens of such matters in state and federal courts as court-appointed class counsel. *See e.g., Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $52.5 million all-cash non-reversionary settlement for class); *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302-BAF (E.D. Mich.) (class counsel in action alleging sale of *Playboy* subscribers' personal information in violation of the Michigan PPPA, obtained $3.8 million non-reversionary class

2

settlement); *Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action alleging violations of Illinois's Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), successfully defeated defendant's motion to compel arbitration and obtained $16 million non-reversionary class settlement); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) (counsel for consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA")); *Huguelet v. Maxim Inc.*, No. 19-cv-4452-ALC (S.D.N.Y.) (class counsel, resolved case favorably for consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's PPPA); *Kokoszki v. Playboy Enters., Inc.*, No. 19-cv-10302 (E.D. Mich.) (same); *see also e.g.*, *Olsen v. ContextLogic Inc.*, No. 2019-CH-06737 (Cook Cty. Cir. Ct., Ill. Jan 7, 2017) (class counsel, $16 million data-privacy class action settlement); *Donahue v. Everi Payments, Inc.*, No. 2018-CH-15419 (Cook Cty. Cir. Ct., Ill.) (class counsel, $14 million data-privacy settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (class counsel, $10 million data-privacy action settlement)). Over the past five years alone, the firm has recovered over $400 million in all-cash relief for the classes it has represented. *See* **Exhibit A.**

6.      The firm also regularly serves as lead plaintiffs' counsel in class actions that implicate, novel questions of first impression concerning the rights of consumers under relatively unknown state statutes, as well as the constitutional issues (standing and otherwise) that often arise during the prosecution of such matters in federal court. For example, in data-privacy class actions concerning publishers' disclosure of subscriber lists—similar to the conduct at issue in this case—the firm obtained groundbreaking decisions on two important issues under Michigan's PPPA that dramatically expanded the scope of the statute and led to the recovery of meaningful relief for consumers throughout Michigan. *See Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) (holding, despite prior district court decision to the contrary on the same issue, that the version of the PPPA in effect prior to its July 2016 amendment applied to claims filed after the amendment's effective date); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020) (holding that Michigan-based publishers may be held liable for disclosing the data of all of their subscribers, even those outside Michigan)).

7.      The firm also obtained multiple significant victories for consumers on issues of first impression in litigation against Google and Shutterfly under an Illinois statute, the Biometric Information Privacy Act ("BIPA"), opening doors for consumers throughout the state to recover relief under the statute. *See e.g.*, *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) (holding that scans of face geometry collected from photographs constitute "biometric identifiers" within the meaning of BIPA); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017) (holding that neither the presumption against extraterritoriality nor the dormant commerce clause bars BIPA's application to the collection of Illinoisans' biometrics from devices within Illinois); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (holding that the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is a concrete and particularized injury sufficient to confer Article III standing)).

8.      The firm also previously served as class counsel or plaintiffs' counsel in securities class actions in state and federal courts throughout the country. *E.g.*, *In re Menlo Therapeutics Inc. Sec. Litig.*, No. 18CIV06049 (Cal. Super. Ct., San Mateo Cty.) (class settlement on behalf of IPO investors finally approved); *In re EverQuote, Inc. Secs. Litig.*, No. 651177/2019 (N.Y. Supreme, N.Y. Cty.) (class settlement on behalf of IPO investors finally approved); *Plymouth Cty. Ret. Sys. v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Super. Ct., N.Y. Cty.) (co-lead counsel for plaintiff class of investors asserting Securities Act claims arising from initial and secondary public offerings).

9.      The firm also frequently represents indigent litigants on a *pro bono* basis. *E.g.*, *Groover v. U.S. Corrections, LLC, et al.*, No. 15-cv-61902-BB (S.D. Fla.) (representing plaintiff and putative class against country's largest private prisoner extradition companies in Section 1983 civil rights action alleging violations of the Eighth Amendment).

10.     The firm has recently devoted much of its time to developing, investigating, and commencing the instant *Ezpeleta* action and the various other cases that the firm's clients have brought against defendants for violating the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Months before filing the complaint, the firm began extensive pre-filing investigation of potential claims arising from various defendants' practices of sending consumers' subscription purchases and private viewing information to third parties through online tracking pixels and other tracking mechanisms hiding in the source codes of websites. The firm researched source code languages, what tracking pixels existed, how tracking pixels and other tracking technologies worked, and which companies included tracking pixels or other trackers on their websites. As part of our investigation, we worked with an expert in web design and digital marketing. As a result, we developed the allegations in this case, and filed the complaint against FurtherEd Inc.

11. After performing this time-consuming work, and consulting with numerous consumers who expressed interest in prosecuting these claims, the firm was retained by Plaintiff on behalf of himself and all other proposed class members for violation of the VPPA.

12. Thus, as part of our pre-suit investigation, the firm performed the following work: (a) investigated potential legal claims under the VPPA; (b) researched numerous online trackers created by different technology companies, including learning how they operate, how to find them in website source code, and how to identify what information is being tracked and transmitted; (c) investigated Defendant's website and use of tracking technology, including parsing through Defendant's website's source code; (d) researched whether Defendant's use of tracking pixels violated the VPPA; (e) investigated the viability of various individuals' claims by interviewing numerous potential clients; (f) investigated the adequacy of the named Plaintiff to represent the putative class; and (g) prepared the Complaint in this action on behalf of the proposed class.

13. My colleagues, Julie Holt and Elliot Jackson, both based in our firm's Miami, Florida office and both members in good standing of the New York State Bar, will assist in the prosecution of these matters. Their backgrounds are detailed in the attached Exhibit A.

14. Hedin LLP has support staff available to assist with our efforts prosecuting this litigation. The firm also has ample resources available to devote to investigation, the hiring of experts, and whatever else may be necessary to most effectively prosecute this action on behalf of the proposed Class. Additionally, Hedin LLP recognizes the importance of having a diverse group of attorneys work on behalf of its clients; more than half of the attorneys at Hedin LLP are members of underrepresented groups and we intend to employ a diverse group of attorneys to work on behalf of Class members in these matters.

15. Hedin LLP, together with proposed Co-Lead Counsel at the Almeida firm, are well suited to continue representing the Plaintiffs and members of the proposed Class in these matters.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of October 2024, in Miami, Florida.

*s/Arun Ravindran*
Arun Ravindran

# EXHIBIT A

Case 1:24-cv-06709-LJL     Document 14     Filed 10/15/24     Page 8 of 13



# FIRM RÉSUMÉ

Based in Miami, Florida, and with offices in San Francisco, California and Washington, D.C., Hedin LLP represents consumers and investors in class actions in state and federal courts nationwide. Our firm prosecutes difficult cases aimed at redressing injuries suffered by large, diverse groups of people. Over the past six years alone, we have recovered hundreds of millions of dollars and other meaningful relief for the consumers and investors we have had the privilege to represent.

## Representative Matters

**Notable examples of our work on behalf of consumers include:**

- *Rivera, et al. v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) (class counsel in action alleging unauthorized collection of consumers' biometric data in violation of state statute, negotiated $100 million all-cash non-reversionary settlement for class)

- *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $52.5 million all-cash non-reversionary settlement for class)

- *Olsen, et al. v. ContextLogic Inc.,* No. 2019CH06737 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $16 million all-cash non-reversionary settlement for class)

- *In re Everi Holdings, Inc. FACTA Litigation*, No. 18CH15419 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging unauthorized printing of excess digits of consumer card numbers on transaction receipts in violation of federal law, negotiated $14 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $4.95 million settlement for class)

- *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $2.7 million settlement for class)

- *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $3.8 million all-cash non-reversionary settlement for class)

- *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $10 million all-cash non-reversionary settlement for class)

- *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $8.5 million all-cash non-reversionary settlement for class)

- *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $6.8 million all-cash non-reversionary settlement for class)

- *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $5 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Benbow v. SmileDirectClub, Inc*., No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $11.5 million all-cash settlement for class)

**Notable examples of our work on behalf of investors include:**

- *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $36.5 million all-cash non-reversionary settlement for class)

- *Plymouth County Retirement System v. Impinj, Inc., et al*., No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $20 million all-cash non-reversionary settlement for class)

- *In re Altice USA, Inc. Sec. Litig.*, No. 711788 (N.Y. Sup. Ct., Queens Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $4.75 million all-cash non-reversionary settlement for class)

- *Plutte v. Sea Ltd*., No. 655436/2018 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $10.75 million all-cash non-reversionary settlement for class)

- *In re Menlo Therapeutics Inc. Sec. Litig*., No. 18CIV06049 (Cal. Sup. Ct., San Mateo Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $9.5 million all-cash non-reversionary settlement for class)

**Attorney Biographies**



**Frank S. Hedin**

Frank S. Hedin, founder of the firm, is a member in good standing of the Florida Bar and the State Bar of California. Mr. Hedin received his Bachelor of Arts from University of Michigan and Juris Doctor, *magna cum laude*, from Syracuse University College of Law. After graduating from law school, he served for fifteen months as law clerk to the Honorable William Q. Hayes, United States District Judge for the Southern District of California. Prior to establishing the firm, Mr. Hedin was a partner at a litigation boutique in Miami, Florida, where he represented both plaintiffs and defendants in consumer and data-privacy class actions, employment-related collective actions, and patent and trademark litigation, and served as head of the firm's class action practice.

**Arun G. Ravindran**

Arun G. Ravindran, a member in good standing of the Florida Bar and the New York State Bar, is an accomplished trial lawyer who has tried more than twenty federal cases to jury verdict. Mr. Ravindran received his Bachelor of Arts from Emory University, an Msc. from the London School of Economics, and his Juris Doctor from Emory University School of Law. After graduating from law school, he served as Captain and Judge Advocate in the United States Marine Corps, after which he served for one year as law clerk to the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. Following his clerkship, Mr. Ravindran served for nearly five years as an Assistant Federal Public Defender in the Southern District of Florida. Prior to joining Hedin LLP, Mr. Ravindran litigated commercial matters at a prominent Florida law firm.

**Elliot O. Jackson**

Elliot O. Jackson, a member in good standing of the Florida Bar and the New York State Bar, received his Bachelor of Science, *cum laude*, from Fayetteville State University, his Juris Doctor, *cum laude*, from Florida A&M University College of Law, and an L.L.M in fashion law from Fordham University, where he graduated first in his class and received the Judy and Dennis Kenny Award. Prior to joining the firm, Mr. Jackson served for two years as law clerk to the Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida.



**Tyler K. Somes**

Tyler K. Somes, a member in good standing of the State Bar of Texas and the District of Columbia Bar, received his Bachelor of Arts from The George Washington University and Juris Doctor, *with honors*, from The University of Texas School of Law.  After graduating from law school, Mr. Somes worked at a prominent national law firm for several years, where he litigated complex antitrust, whistleblower, securities, and trade secrets matters.   During a one-year hiatus from his prior firm, Mr. Somes served as law clerk to the Honorable Richard Wesley of the United States Court of Appeals for the Second Circuit.

**Julie E. Holt**

Prior to joining Hedin LLP, Julie Holt served as an Assistant Federal Public Defender in the Southern District of Florida for eight years.  She is an experienced trial lawyer, having tried approximately 30 jury trials and numerous bench trials. In addition to her trial practice, she also represented clients on direct appeal, filing numerous petitions for writ of certiorari to the Supreme Court and arguing in the Eleventh Circuit Court of Appeals.  She obtained her J.D. from Yale Law School in 2010, and her B.A. in Economics, *summa cum laude*, from Columbia University.

---

**Firm Offices**

| **Miami, Florida** | **San Francisco, California** | **Washington, D.C.** |
|---|---|---|
| 1395 Brickell Avenue<br>Suite 610<br>Miami, FL 33131 | 535 Mission Street<br>14th Floor<br>San Francisco, CA 94105 | 1100 15th Street NW<br>Suite 04-108<br>Washington, D.C. 20005 |