USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

KAMILAH JOLLY, individually and on behalf of all others similarly situated,

                          Plaintiff,

-v-

FURTHERED, INC. d/b/a LAWLINE,

                          Defendant(s).

1:24-cv-06401-LJL (Lead Case)

------------------------------------------------------------------X

DIEGO ALVAREZ-MIRANDA EZPELETA, individually and on behalf of all others similarly situated,

                          Plaintiff,

-v-

FURTHERED, INC. d/b/a LAWLINE,

                          Defendant(s).

------------------------------------------------------------------X

1:24-cv-06709-LJL

ORDER CONSOLIDATING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Kamilah Jolly and Diego Alvarez-Miranda Ezpeleta move for an order consolidating the above-captioned actions and appointing Matthew J. Langley of Almeida Law Group LLC and Arun Ravindran of Hedin LLP as interim Co-Lead Class Counsel to represent the interests of the proposed Class. 24-cv-06709, Dkt. No. 11. The motion is unopposed.

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "A determination on the issue of consolidation is left to the sound discretion of the Court," *In re UBS Auction Rate Sec. Litig.*, 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting *Albert*

*Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990).

The above-captioned cases involve common questions of law and fact. For convenience, expedition, and judicial economy, the Court exercises its discretion to consolidate these cases into a single action, pursuant to Federal Rule of Civil Procedure 42(a)(2).

The Clerk of Court is directed to consolidate all cases listed above under case number 1:24-cv-06401-LJL, to close 1:24-cv-06709-LJL, and to file a copy of this Order in the separate files for both cases. All motions for admission *pro hac vice* and all orders granting such motions in both cases shall also be deemed filed in the Consolidated Action under the docket number 1:24-cv-06401-LJL. **Counsel are directed to make filings only under case number 1:24-cv-06401-LJL.**

Under Federal Rule of Civil Procedure 23(g)(3), the Court is authorized to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); see also Fed. R. Civ. P. 23(g)(2)(A) committee note (discussing and allowing the designation of interim counsel prior to a decision on class certification). Rule 23(g)(1)(A) sets forth four factors that the Court must consider in appointing a class counsel once a class has been certified:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In addition to these compulsory factors, Rule 23(g)(1)(B) also provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and

adequately represent the interests of the class."

Recognizing the value of counsel's agreement to co-counsel, as well as the qualifications, experience, and sophistication of both attorneys as well as their firms in this area of the law, the Court finds that the interests of the proposed class will be best served by the appointing Co-Lead Counsel as jointly proposed by both counsel. Dkt. No. 12.

The motion to appoint Matthew J. Langley of Almeida Law Group LLC and Arun Ravindran of Hedin LLP as interim Co-Lead Class Counsel is therefore GRANTED.

SO ORDERED.

Dated: October 17, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge